IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAVAUGHN E., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:24-cv-272-JTA |
| | ) (WO) |
| FRANK BISIGNANO,[1] Commissioner | ) |
| of Social Security, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM OPINION AND ORDER**

Pursuant to 42 U.S.C. § 405(g), Plaintiff Javaughn E. brings this action to review a final decision by the Commissioner of Social Security ("Commissioner"). (Doc. No. 1.)[2] The Commissioner denied Plaintiff's claim for a Period of Disability and Disability Insurance Benefits ("DIB"). The Court construes Plaintiff's brief in support of his Complaint (Doc. No. 7) as a motion for summary judgment and the Commissioner's brief in opposition to the Complaint (Doc. No. 8) as a motion for summary judgment. The parties have consented to the exercise of dispositive jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c). (Docs. No. 10, 11.)

---

[1] Frank Bisignano became the Commissioner of Social Security on May 6, 2025, and under Federal Rule of Civil Procedure 25(d) is automatically substituted as the defendant. See Fed. R. Civ. P. 25(d).

[2] Document numbers as they appear on the docket sheet are designated as "Doc. No."

After careful scrutiny of the record and the motions submitted by the parties, the Court finds that Plaintiff's motion for summary judgment is due to be DENIED, the Commissioner's motion for summary judgment is due to be GRANTED, and the decision of the Commissioner is due to be AFFIRMED.

## I.   PROCEDURAL HISTORY AND FACTS

Plaintiff is an adult male[3] with at least a high school education and prior work experience as a corrections officer, food inspector, phone and equipment salesperson, and security guard. (R. 19.)[4] He alleged a disability onset date of January 23, 2023, due to idiopathic scoliosis, delusional disorder, schizophrenia, post-traumatic stress disorder ("PTSD"), major depressive disorder, perineural cyst, lumbosacral strain, migraine, and tendinitis. (R. 10, 217.)

On January 26, 2023, Plaintiff protectively filed a Title II (42 U.S.C. §§ 401, *et seq.*) application for a period of disability and disability insurance benefits. (R. 10, 67.) Plaintiff's claim was denied initially and upon reconsideration. (R. 10, 76, 88.) Plaintiff requested an administrative hearing on August 22, 2023. (R. 106.) Following an administrative hearing, the Administrative Law Judge ("ALJ") denied Plaintiff's request for a period of disability and DIB in a decision dated February 26, 2024. (R. 10–21.)

Plaintiff requested review by the Appeals Council, and it denied review. (R. 1–6.) Consequently, the hearing decision became the final decision of the Commissioner. *See* 42

---

[3] Plaintiff was 36 years old at the alleged disability onset date. (R. 68.)

[4] Citations to the administrative record are consistent with the transcript of administrative proceedings filed in this case. (*See* Doc. No. 6.)

U.S.C. § 405(g); *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001) (citation omitted) ("When as in this case, the ALJ denies benefits and the [Appeals Council] denies review, [the court] reviews[s] the ALJ's decision as the Commissioner's final decision.").

On May 3, 2024, Plaintiff filed this action seeking review of the Commissioner's final decision. (Doc. No. 1.) The parties have briefed their respective positions. (Docs. No. 7, 8, 9.)

This matter is ripe for review.

## II.     STANDARD OF REVIEW

Judicial review of disability claims is limited to whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Dyer v. Barnhart,* 395 F.3d 1206, 1210 (11th Cir. 2005). The court "must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1257 (11th Cir. 2019) (citations omitted). "Substantial evidence" is more than a mere scintilla and is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (quoting *Lewis v. Callahan*, 125 F.3d 1346, 1349 (11th Cir. 1997)). Even if the Commissioner's decision is not supported by a preponderance of the evidence, the findings must be affirmed if they are supported by substantial evidence. *Id.* at 1158-59; *see also Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The court may not find new facts, reweigh evidence, or substitute its own judgment for that of the Commissioner. *Bailey v. Soc. Sec. Admin., Comm'r*, 791 F. App'x 136, 139 (11th Cir. 2019); *Phillips v.*

3

*Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004); *Dyer*, 395 F.3d at 1210. However, the Commissioner's conclusions of law are not entitled to the same deference as findings of fact and are reviewed *de novo*. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007).

Sentence four of 42 U.S.C. § 405(g) authorizes the district court to "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The district court may remand a case to the Commissioner for a rehearing if the court finds "either . . . the decision is not supported by substantial evidence, or . . . the Commissioner or the ALJ incorrectly applied the law relevant to the disability claim." *Jackson v. Chater*, 99 F.3d 1086, 1092 (11th Cir. 1996).

### III.    STANDARD FOR DETERMINING DISABILITY

An individual who files an application for DIB must prove that he is disabled. *See* 20 C.F.R. § 404.1505. The Act defines "disability" as the "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 405.1505(a).

Disability under the Act is determined under a five-step sequential evaluation process. 20 C.F.R. § 404.1520. The evaluation is made at the hearing conducted by the ALJ. *See Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359 (11th Cir. 2018). First, the ALJ must determine whether the claimant is currently engaged in substantial gainful

activity. 20 C.F.R. § 404.1520(b). "Substantial gainful activity" is work activity that involves significant physical or mental activities. 20 C.F.R. § 404.1572(a). If the ALJ finds that the claimant is engaged in substantial gainful activity, the claimant cannot claim disability. 20 C.F.R. § 404.1520(b). Second, the ALJ must determine whether the claimant has a medically determinable impairment or a combination of impairments that significantly limit the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). Absent such impairment, the claimant may not claim disability. *Id*. Third, the ALJ must determine whether the claimant meets or medically equals the criteria of an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526). If such criteria are met, then the claimant is declared disabled. 20 C.F.R. § 404.1520(d).

If the claimant has failed to establish that he is disabled at the third step, the ALJ may still find disability under the next two steps of the analysis. At the fourth step, the ALJ must determine the claimant's residual functional capacity ("RFC"), which refers to the claimant's ability to work despite his impairments. 20 C.F.R. § 404.1520(e). The ALJ must determine whether the claimant has the RFC to perform past relevant work. 20 C.F.R. § 404.1520(f). If it is determined that the claimant is capable of performing past relevant work, then the claimant is not disabled. 20 C.F.R. § 404.1560(b)(3). If the ALJ finds that the claimant is unable to perform past relevant work, then the analysis proceeds to the fifth and final step. 20 C.F.R. § 404.1520(g)(1).

In this final analytical step, the ALJ must decide whether the claimant is able to perform any other relevant work corresponding with his RFC, age, education, and work

experience. 20 C.F.R. § 404.1560(c). Here, the burden of proof shifts from the claimant to the ALJ in proving the existence of a significant number of jobs in the national economy that the claimant can perform given his RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 404.1560(c). *See Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987) ("The burden then shifts to the Secretary to show the existence of other jobs in the national economy which, given the claimant's impairments, the claimant can perform."). To determine the existence of other jobs which the claimant can perform, the ALJ may rely on the testimony of a vocational expert ("VE"). *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011).

## IV.     ADMINISTRATIVE DECSION

Within the structure of the sequential evaluation process, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. (R. 12.) The ALJ determined Plaintiff suffers from the following severe impairments that significantly limit his ability to perform basic work activities: idiopathic scoliosis, delusional disorder, schizophrenia, PTSD, major depressive disorder, obesity, and migraines. (*Id*.) Nevertheless, the ALJ concluded Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. (R. 13.)

After consideration of the record, the ALJ determined Plaintiff has the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b), except

> [Plaintiff] is limited to only occasional climbing of ramps or stairs; can never climb ladders, ropes, or scaffolds; only occasional balancing, stooping, kneeling, crouching, or crawling; work limited [to] simple, routine, and

>   repetitive tasks involving only simple work related decisions with few if any work place changes and occasional interaction with the public, co-workers, and supervisors.

(R. 15.) In determining the RFC, the ALJ found that Plaintiff's statements regarding the intensity, persistence, and limiting effects of his symptoms are "not entirely consistent" with the medical evidence and other evidence of record. (*Id.*)

Considering Plaintiff's RFC, the ALJ concluded he is unable to perform any past relevant work. (R. 19.) Nonetheless, based on the testimony of a VE, the ALJ determined there are significant number of jobs in the national economy Plaintiff can perform given his age, education, work experience, and RFC. (R. 20, 63.)

The ALJ further concluded Plaintiff had not been under a disability from January 23, 2023, to February 26, 2024, the date of the ALJ's decision. (R. 20.) The ALJ found that based on the application for a period of disability and DIB, Plaintiff is not disabled under sections 216(i) and 223(d) of the Social Security Act. (R. 21.)

## V.    DISCUSSION

Plaintiff presents two arguments in this appeal. (Doc. No. 7 at 2.) First, Plaintiff argues the ALJ failed to properly determine his mental RFC because the ALJ failed to explain deviations between the RFC and two medical opinions he found persuasive. (*Id.* at 4.) Specifically, Plaintiff argues the ALJ erred by ignoring the opinion that Plaintiff is limited to work involving no more than short and simple instructions because such a restriction conflicts with jobs that have a GED Reasoning Level 2. Second, Plaintiff avers the ALJ failed to properly evaluate Plaintiff's subjective statements about his mental and physical impairments. (*Id.* at 9.)

The Commissioner responds the ALJ properly determined Plaintiff's mental RFC because he was not required to adopt every restriction from opinions he found persuasive. (Doc. No. 8 at 6.) The Commissioner also responds the ALJ properly evaluated Plaintiff's subjective statements. (*Id*. at 10.)

Plaintiff replies that, unlike the cases cited by the Commissioner, the ALJ's failure to adopt the limitations outlined by the state agency consultants was not harmless. (Doc. No. 9 at 2.) Plaintiff further replies the Commissioner conceded any argument about whether the ALJ addressed his mental impairments because the Commissioner did not address that argument in his brief. (*Id*. at 3.)

The Court first addresses Plaintiff's mental RFC determination and then turns to whether the ALJ properly considered Plaintiff's subjective statements.

## A. Mental RFC Determination

The RFC assesses the claimant's remaining ability to do work despite his impairments and any related symptoms. 20 C.F.R. § 404.1545(a)(1). When assessing a claimant's RFC, the ALJ must consider "all impairments, severe and non-severe." *Schink*, 935 F.3d at 1268 (citing *Bowen v. Heckler*, 748 F.2d 629, 634–35 (11th Cir. 1984)). The ALJ determines RFC "based on all of the relevant medical and other evidence." 20 C.F.R. § 404.1545(a)(3).[5]

---

[5] Although the ALJ does not need to discuss every piece of evidence, he must consider the claimant's "medical condition as a whole." *Dyer*, 395 F.3d at 1211; *see also* 20 C.F.R. § 404.1523(c) and Social Security Ruling 96-8p.

Here, the ALJ found Plaintiff has the mental RFC to engage in work that is "limited [to] simple, routine, and repetitive tasks involving only simple work[-]related decisions with few if any work place changes and occasional interaction with the public, co-workers, and supervisors." (R. 15.) When determining Plaintiff's mental RFC, the ALJ discussed Plaintiff's psychological consultative evaluation, as well as the prior administrative medical findings at both the initial and reconsideration levels. (*Id.*) The ALJ found the evaluation partially persuasive and found the prior administrative medical findings persuasive. (*Id.*) The ALJ noted that the prior administrative findings concluded Plaintiff has the capacity to carry out short and simple one-to-two step directions. (*Id.*)[6] Nonetheless, the ALJ did not fully adopt the specific limitations in the prior administrative findings, noting they were "not identical to those included in the residual functional capacity below, however they are aligned with the limitations necessary for [Plaintiff] to have unskilled work with reduced contact with others and a somewhat predictable consistent workplace." (*Id.*)

---

[6] There is a difference between a limitation to simple directions and to short, simple directions. A limitation to short, simple directions would limit Plaintiff to jobs with a General Education Development ("GED") reasoning level of one. *See Albra v. Acting Comm'r of Soc. Sec.*, 825 F. App'x 704, 708 (11th Cir. 2020) (holding that an RFC limitation to short, simple instructions conflicts with jobs that have a GED reasoning level of two). In contrast, a limitation to simple instructions does not conflict with jobs that have a GED reasoning level of two. *See Buckwalter v. Acting Comm'r of Soc. Sec.*, 5 F.4th 1315, 1323 (11th Cir. 2021) (holding that an RFC limitation to simple instructions does not conflict with jobs that have a GED reasoning level of two). Here, all of the jobs identified by the VE are jobs with a GED reasoning level of two. *See* U.S. Dept. of Labor, Dictionary of Occupational Titles ("DOT"), §§ 369.687-018, 520.687-046, and 706.684-022 ("folder," "food prep," and "assembler, small products" with GED reasoning levels of two).

Plaintiff maintains it was reversible error for the ALJ to omit the limitation to short and simple one-to-two step directions from the RFC. (Doc. No. 7 at 4.)[7] Yet, there is no requirement an ALJ adopt every limitation from persuasive opinions. *See Normand v. Kijakazi*, No. 1:23-cv-337-KFP, 2023 WL 8719445, at * 4 (M.D. Ala. Dec. 18, 2023) ("An ALJ is permitted to adopt parts of a medical opinion and reject others, and the regulations do not require ALJs to adopt into an RFC every part of an opinion that they otherwise found persuasive.") (quotation omitted); *Guth v. Comm'r of Soc. Sec.*, No. 2:21-cv-106-JLB-NPM, 2022 WL 8211404, at *9 (M.D. Fla. Aug. 5, 2022) ("The regulations do not require ALJs to adopt into an RFC every part of an opinion that they otherwise found persuasive."), *report and recommendation adopted*, 2022 WL 4115784 (M.D. Fla. Sept. 9, 2022); *Cf. Beegle v. Soc. Sec. Admin., Comm'r*, 482 F. App'x 483, 486 (11th Cir. 2012) ("A claimant's residual functional capacity is a matter reserved for the ALJ's determination, and while a physician's opinion on the matter will be considered, it is not dispositive."). Furthermore, "there is no legal requirement that an ALJ explain each limitation or restriction he adopts or fails to adopt" from a persuasive opinion. *Normand*, 2023 WL 8719445, at * 4 (citing *Donnie R. v. Comm'r, Soc. Sec. Admin.*, No. 3:20-cv-183-RGV, 2022 WL 16702517, at *13

---

[7] To support his argument, Plaintiff cites to Social Security Ruling 96-8p, which states that when an RFC conflicts with a medical opinion, the ALJ "must explain why the opinion was not adopted." SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996). Here, there is no direct conflict here between the RFC and the two opinions the ALJ found persuasive. The prior administrative opinions found that Plaintiff "retains sufficient mental capacity to carry out short and simple one to two step directions. Detailed ones may be more stressful." (R. 74, 86.) They further opined that Plaintiff was "moderately limited" in his ability to carry out detailed instructions." (*Id.*) The RFC is silent on what types of instructions Plaintiff can carry out and thus is not in direct conflict with these two opinions. The ALJ simply declined to adopt all of the limitations mentioned in the opinions.

(N.D. Ga. Mar. 30, 2022)). Here, the ALJ did provide an explanation. He explained he was not incorporating all of the limitations from the administrative opinions into the RFC because the additional limitations were "aligned with the limitations necessary for [Plaintiff] to have unskilled work . . . ." (R. 18.) Accordingly, the Court finds no reversible error.

Plaintiff further argues remand is warranted because there is an apparent conflict between testimony from the VE and the Dictionary of Occupational Titles ("DOT"). (Doc. No. 7 at 6.) Plaintiff implausibly relies on the Eleventh Circuit's decision in *Albra* for his argument. In *Albra*, the VE testified the plaintiff could perform jobs with a GED reasoning level of two in the DOT. *Albra*, 825 F. App'x at 708. But, the ALJ provided the VE with a hypothetical that limited the plaintiff to carrying out "short and simple instructions," which corresponds to a GED reasoning level of one. *Id*. The Circuit held there was a conflict between the VE's testimony and the DOT because, given the plaintiff's RFC, the plaintiff was unable to perform jobs with GED reasoning level of two. *Id*. at 708–09. Here, there was no conflict between the VE's testimony and the DOT because the hypothetical given to the VE did not include any limitations to short, simple instructions. (R. 63.) Accordingly, the VE could identify jobs with a GED reasoning level of two.

Although Plaintiff maintains no medical evidence supports the ALJ's mental RFC finding,[8] substantial evidence in the record supports the ALJ's RFC determination. As the

---

[8] Plaintiff also argues the ALJ failed to cite any specific medical facts that supports his mental RFC determination. (Doc. No. 7 at 7.) However, the ALJ cites specific facts from (1) Plaintiff's medical records from Central Alabama Veterans Health Care, (2) the Psychological Consultative Evaluation, (3) the prior administrative medical findings at the initial level, and (4) the prior

11

ALJ noted, mental health treatment records indicate Plaintiff participated in virtual group counselling sessions and participated in therapeutic outings with improved results. (R. 18, 1627, 1633, 1637, 1639, 1645-46, 1649-50, 1657-61, 1663-67, 1678-79. 1686-87, 1690-91, 1701-03, 1717-18, 1750-52, 1763-65, 1787-89, 1790-91, 1799-1804, 1815-21.) In December 2023, the treatment records indicate Plaintiff was alert, oriented, calm, and cooperative with intact memory and concentration. (R. 1633.) The ALJ also took into account the consultative psychological evaluation, which stated Plaintiff demonstrated remote and recent recall, a reasonable fund of information, adequate concentration skills, and social judgment within normal limits. (R. 18, 1329.) Although the ALJ did not fully adopt the prior administrative medical findings, the ALJ noted they found Plaintiff could perform unskilled work, maintain attention for at least two hours, have infrequent contact with the public, and be in a setting with few changes or demands. (R. 18, 74-76, 86-87.) The prior administrative medical findings also indicate Plaintiff is not significantly limited in his ability to make simple work-related decisions. (R. 74, 86.) Accordingly, there is substantial evidence in the record to support the ALJ's mental RFC determination. *See Bailey*, 791 F. App'x at 138–39 ("Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." (quotation omitted)).

---

administrative medical findings at the reconsideration level. (R. 18, 68–88, 1324–1332, 1612–1888.)

## B. Plaintiff's Subjective Statements

A claimant can establish disability through their own testimony of "pain or other subjective symptoms." *Dyer*, 395 F.3d at 1210. To do so, the claimant must show "(1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain [or symptoms]; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain [or symptoms]." *Raper v. Comm'r of Soc. Sec.*, 89 F.4th 1261, 1277 (11th Cir. 2024) (citing *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (per curiam)). If a claimant meets this standard, and the ALJ decides not to credit a claimant's testimony as to his pain or other subjective symptoms, the ALJ "must articulate explicit and adequate reasons for doing so." *Foote v. Chater*, 67 F.3d 1553, 1561–62 (11th Cir. 1995) (per curiam). When determining whether a claimant's subjective statements are credible, the ALJ considers: "(1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the claimant's pain or other symptoms; (3) any precipitating and aggravating facts; (4) the type, dosage, effectiveness, and side effects of medication; (5) the claimant's treatments other than medication; (6) any measures used to relieve pain; and (7) other factors concerning a claimant's functional limitations and restrictions based on pain or other symptoms." *Raper*, 89 F.4th at 1277 (citing 20 C.F.R. § 404.1529(c)(3)(i)–(vii)).

Nonetheless, there is "'no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision . . . is not a broad rejection which is not is enough to enable [a reviewing court] to conclude that the ALJ considered [the claimant's] medical condition as a whole.'" *Mitchell v. Comm'r of Soc. Sec. Admin.*,

771 F.3d 780, 782 (11th Cir. 2014) (quoting *Dyer*, 395 F.3d at 1211). The Eleventh Circuit has "held that credibility determinations are the province of the ALJ, *Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005), and [the Court] will not disturb a clearly articulated credibility finding supported by substantial evidence, *Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995)." *Mitchell*, 771 F.3d at 782; *see also Raper*, 89 F.4th at 1277 ("We will not disturb a clearly articulated credibility finding if supported by substantial evidence.").

Here, the ALJ made a clearly articulated credibility finding. The ALJ determined Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms." (R. 18.) However, the ALJ found that Plaintiff's statements "concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." (*Id.*) After making this determination, the ALJ referenced objective medical evidence, medical opinions, Plaintiff's testimony, Plaintiff's medications, treatments other than medication, and treatment notes when explaining his determination. (R. 15–19.)

Because the ALJ made a clearly articulated credibility finding, the Court must apply the substantial evidence standard. *See Mitchell*, 771 F.3d at 782; *Raper*, 89 F.4th at 1277. Here, the ALJ's assessment of Plaintiff's subjective symptoms is supported by substantial evidence. Specifically, when discussing Plaintiff's mental health diagnoses, the ALJ noted Plaintiff received inpatient psychiatric care, participated in group therapy, and continues to seek mental health treatment. (R. 18, 55, 442, 1612-1888.) The ALJ cited to treatment records that show Plaintiff engaged in more rational thinking patterns with therapy and participated in therapeutic outings with improved results. (R. 18, 1627, 1633, 1637, 1639,

1645-46, 1649-50, 1657-61, 1663-67, 1678-79, 1686-87, 1690-91, 1701-03, 1717-18, 1750-52, 1763-65, 1787-89, 1790-91, 1799-1804, 1815-21.) The ALJ discussed Plaintiff's Psychological Consultative Evaluation, which showed adequate concentration skills, a reasonable fund of information, and social judgment within normal limits. (R. 18, 1329.) The ALJ also noted doctors at the initial and reconsideration levels determined Plaintiff had sufficient mental capacity to understand and remember short instructions. (R. 18, 74-76, 86-87.) The ALJ further explained the mental RFC he crafted "accounts for any side effects his medications may have which affect his concentration." (R. 19.)[9] Accordingly, substantial evidence supports the ALJ's credibility determination for Plaintiff's subjective mental health symptoms.

Furthermore, substantial evidence supports the ALJ's credibility determination for Plaintiff's subjective statements about his musculoskeletal impairments and migraines. While discussing Plaintiff's musculoskeletal impairments, the ALJ discussed Plaintiff's treatment records from Southern Bone and Joint that indicate Plaintiff's medical provider was unable to identify any objective evidence to corroborate Plaintiff's complaints of back pain. (R. 16, 407.) The medical provider opined that Plaintiff should find a job that does not require repetitive heavy lifting or repetitive bending, twisting, and lifting. (R. 16, 407.)

---

[9] Although Plaintiff contends the ALJ gave no reasons for discounting his allegations of mental disability (Doc. No. 7 at 10), the ALJ provided a thorough discussion of objective medical evidence, treatment records, the Psychological Consultative Evaluation, and the prior administrative medical findings at the initial and reconsideration levels. (R. 18.) The ALJ was not required to discuss every piece of evidence. *See Mitchell*, 771 F.3d at 782. Here, the ALJ clearly considered Plaintiff's medical record as a whole. *Id.*

15

The ALJ noted Plaintiff's symptoms were treated with prescription medication, injections, and physical therapy, but not with invasive treatments. (R. 16, 407-28, 1384-96, 1400-74.)[10] As the ALJ discussed, during Plaintiff's most recent lumbar pain assessment, there were no overt deficits observed. (R. 16, 1937.) While discussing Plaintiff's migraines, the ALJ discussed Plaintiff's migraine treatments, which had been stable for over a year. (R. 17, 1477, 1484.)[11] The ALJ reasoned the limitations to unskilled work and limited interactions

---

[10] Plaintiff argues the ALJ erred by considering Plaintiff's lack of invasive treatments for his back pain. (Doc. No. 7 at 11.) But, "ALJs are permitted to consider the type of treatment a claimant received in assessing the credibility of [his] subjective complaints." *Horowitz v. Comm'r of Soc. Sec.*, 688 F. App'x 855, 863 (11th Cir. 2017) (finding the ALJ's credibility determination was supported by substantial evidence because the plaintiff received conservative treatment for her impairments); *Pennington v. Comm'r of Soc. Sec.*, 652 F. App'x 862, 873 (11th Cir. 2016) (finding substantial evidence supported the ALJ's conclusion that the plaintiff's conservative treatment undermined his testimony about the severity of his symptoms). Although Plaintiff cites three cases to support his argument, all are distinguishable. Two cases concern an ALJ using the conservative nature of treatments to discount a treating physician's opinion. *See Ellis v. Astrue*, No. 4:10cv70-SPM/WCS, 2011 WL 2009901, at * 10 (N.D. Fla. April 19, 2011); *Freese v. Colvin*, No. 8:15-cv-1315-T-27AAS, 2016 WL 4487916, at *8 (M.D. Fla. Aug. 5, 2016). The final case concerns an ALJ who denied benefits based on his lay opinion on the best course of treatment for a plaintiff suffering from anxiety. *Goodley v. Harris*, 608 F.2d 234, 236 n.1 (5th Cir. 1979). Here, the ALJ is simply discussing the types of treatment Plaintiff received. He is not discounting a physician's opinion or giving a lay opinion on the best course of treatment. Accordingly, these cases are distinguishable.

[11] Plaintiff argues the ALJ erred by considering Plaintiff's medications for his migraines because "there are no viable surgical options mentioned by the record for Plaintiff's headaches." (Doc. No. 7 at 12 (quotation omitted).) Again, "ALJs are permitted to consider the type of treatment a claimant received in assessing the credibility of [his] subjective complaints." *Horowitz*, 688 F. App'x at 863; *Pennington*, 652 F. App'x at 873. The Court is not persuaded by the nonbinding cases cited by Plaintiff, all of which concern an ALJ discussing the conservative nature of treatment. *See Henry v. Comm'r of Soc. Sec.*, No. 6:14-cv-237-ORL-18KR, 2014 WL 7722948, at *6 (M.D. Fla. Dec. 30, 2014) (finding the use of strong pain medication inconsistent with the ALJ's finding that the plaintiff's treatment was conservative), *report and recommendation rejected* (Jan. 27, 2015); *Marhsall v. Berryhill*, No. 16-cv-666-BAS-PCL, 2017 WL 2060658, at *14 (S.D. Cal. May 12, 2017) (stating "a conservative course of treatment is not a proper basis for rejecting a claimant's allegations of pain where the claimant has good reason for not seeking more aggressive treatment"); *Myers v. Colvin*, No. CIV.A. 3:13-0162, 2014 WL 2860998, at *10 (M.D. Pa. June 23, 2014) (finding the ALJ's credibility determination not supported by substantial evidence, in

with others sufficiently accounts for Plaintiff's limitations due to migraines. (R. 17.) Accordingly, substantial evidence supports the ALJ's credibility determination for Plaintiff's subjective statements about his musculoskeletal impairments and migraines.

Plaintiff argues the Commissioner conceded any argument concerning the ALJ's failure to properly evaluate his subjective complaints about his mental impairments because the Commissioner did not address Plaintiff's argument in his brief. (Doc. No. 9 at 3.) The Court is unpersuaded. "Under a substantial evidence standard of review, [the claimant] . . . must show the absence of substantial evidence supporting the ALJ's conclusion." *Sims v. Comm'r of Soc. Sec.*, 706 F. App'x 595, 604 (11th Cir. 2017) (finding the ALJ did not err in his credibility determination because the plaintiff failed to carry her burden and show the absence of substantial evidence supporting the ALJ's conclusion). It is the Plaintiff's burden to show the absence of substantial evidence, and Plaintiff has not met his burden. The ALJ properly evaluated Plaintiff's subjective complaints in light of the evidence of record, and the ALJ sufficiently cited evidence in the record for finding Plaintiff's statements were not entirely consistent with the record as a whole. Although the Commissioner did not specifically respond to Plaintiff's argument about his subjective mental impairment symptoms, Plaintiff has not shown the absence of substantial evidence supporting the ALJ's conclusion. *See Werner v. Comm'r of Soc. Sec.*, 421 F. App'x 935, 939 (11th Cir. 2011) (explaining that the appropriate question for a reviewing court "is not

---

part, because the record indicated a more aggressive treatment was not a viable option for the plaintiff). Here, the ALJ did not find Plaintiff's migraine treatment conservative. Rather, the ALJ reasoned the stability of Plaintiff's migraine treatment did not support the level of disruption Plaintiff attributed to his migraines. (R. 17.) Thus, these cases are distinguishable.

. . . whether [the] ALJ could have reasonably credited [the claimant's] testimony, but whether the ALJ was clearly wrong to discredit it.") Plaintiff's mere "disagreement with the interpretation of the evidence" by the ALJ "does not warrant a remand of [his] case." *Sarria v. Comm'r of Soc. Sec.*, 579 F. App'x 722, 724 (11th Cir. 2014). Accordingly, the Court finds no reversible error.

## VI.   CONCLUSION

For the reasons stated, the Court finds the decision of the Commissioner is supported by substantial evidence and is in accordance with applicable law. Therefore, it is ORDERED as follows:

1. Plaintiff's motion for summary judgment (Doc. No. 7) is DENIED.

2. The Commissioner's motion for summary judgment (Doc. No. 8) is GRANTED.

3. The decision of the Commissioner is AFFIRMED.

A separate judgment will issue.

DONE this 27th day of August, 2025.

JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE